IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**UNITED STATES OF AMERICA,**
          **Plaintiff,**

v.                                                                  Civil No. 1:12-cv-1010

**TRACY O'NEAL MAYO; ANY SPOUSE KNOWN
OR UNKNOWN, OF TRACY O'NEAL MAYO;
KATRINA L. CURTIS (MAYO) NOBLE; ANY SPOUSE,
KNOWN OR UNKNOWN OF KATRINA L. CURTIS
(MAYO) NOBLE; THE MER ROUGE STATE BANK,
Mer Rouge, Louisiana 71220; MOUNT JOY-BLACKMON
JV#1; BLACKMON/MOUNTJOY JOINT VENTURE;
and IBERIA BANK, Formerly, American Horizons Bank,**
          **Defendants.**

## DECREE OF FORECLOSURE

Now on this 18th day of November, 2014, this case comes on to be heard, and the Court being advised in the premises, finds:

1.    That the Court has jurisdiction of the parties and subject matter herein.

2.    That the Plaintiff filed its Complaint against the Defendants on February 17, 2012.

3.    That the Defendant, Tracy O'Neal Mayo, was served with summons and a copy of complaint by service of process of Plaintiff's Complaint at his principal residence located at 17225 Louisiana/Arkansas Road, Jones, Louisiana 71250-9428.

4.    That the Defendant Tracy O'Neal Mayo has failed to answer or otherwise plead and default was entered by the Clerk on December 19, 2012. (Affidavit of Default DOC 14)

1

5. That Defendant, Katrina L. Curtis Mayo Noble, was served with summons and a copy of the complaint by service of process of Plaintiff's Complaint at her principle residence located at 296 Old Sterlington Road, Sterlington, Louisiana 71280.

6. That the Amended Answer of Defendant, Katrina L. Curtis Mayo Noble was filed on March 30, 2012. (DOC 12)

7. That Defendant, The Mer Rouge State Bank is a state chartered lending institution, organized and doing business under the laws of the State of Louisiana. This Defendant was served with service of process by serving the Bank's Registered Agent for Service, Gerald F. Farrar, at the Bank's principal address located at 102 West Davenport Avenue, Mer Rouge, Louisiana 71261. The Defendant did not file an Answer, but did communicate to the United States Attorney Office that it absolved any interest in the matter.

8. That the default of Defendant Mer Rouge State Bank was entered by the Clerk on December 19, 2012. (DOC 20)

9. That Defendants Mountjoy-Blackmon JV #1, and Blackmon/Mountjoy Joint Venture, were served by service of process of Plaintiff's Complaint by serving Kimball Mountjoy, 1004 Beau Brummel Drive, Sleepy Hollow, Kane County, Illinios 60118.

10. That the defaults of Defendants Mountjoy-Blackmon JV #1, and Blackmon/Mountjoy Joint Venture were entered by the Clerk on December 19, 2012. (DOC 21 and 22)

11. That Defendant, Iberiabank, formerly American Horizons Bank, is a state chartered lending institution, organized and doing business under the laws of the State of Louisiana. This Defendant was served with service of process of Plaintiff's Complaint by serving the Bank's

2

Registered Agent for Service, CT Corporation, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

12. That the default of Defendant Iberiabank was entered by the Clerk on December 19, 2012 pursuant to Rule 55(a), Federal Rules of Civil Procedure. (DOC 19)

13. In order to receive loan assistance from the United States of America, Tracy Mayo, Defendant herein, executed and delivered to the Farm Agency certain Promissory Notes representing loans made, renewed, rescheduled and/or re-amortized between February 23, 1999 and April 4, 2002, set forth as follows:

| Type of Loan | Date of Note | Principal Amount | Interest Rate | Terms |
|---|---|---|---|---|
| OL-44-09* | April 4, 2002 | $121,615.92 | 4.75% | 15 annual installments in the amount of $11,521.00 beginning December 31, 2002. |
| *Note: This Note was consolidated and rescheduled from the following Notes: No. 44-02 dated February 23, 1999 in the amount of $118,380.00; and, No. 44-04 dated May 9, 2000 in the amount of $11,000.00. | | | | |
| EM-43-08* | April 4, 2002 | $78,258.08 | 3.75% | 15 annual installments in the amount of $6,917.00 beginning December 31, 2002. |
| *Note: This Note was rescheduled from Note No. 43-01 dated February 23, 1999 in the amount of $82,620.00. | | | | |
| FO-41-07* | April 4, 2002 | $31,152.43 | 6.00% | 15 annual installments in the amount of $2,099.00 beginning December 31, 2002. |
| *Note: This Note was reamortized from Note No. 41-06 dated August 10, 2000 in the amount of $30,000.00. | | | | |

The Plaintiff, United States is the legal holder of said notes.

14. That the Defendant, Tracy O'Neal Mayo and his former Wife, entered into an Assumption Agreement between February 23, 1999 and April 4, 2002, in which they agreed to assume the unpaid balance on the Promissory Notes which had been executed on April 4, 2002. The amount of indebtedness assumed was $183,308.89, with $7, 863.38 in unpaid interest thereon at the rate of $23.27 per day payable in installments beginning, and continuing thereafter until paid in full. The Assumption Agreement provided that upon default the holder might declare the entire indebtedness due and payable.

3

15. That to secure the payment of this note, the Defendant, Tracy O. Mayo, executed, acknowledged and delivered to the United States of America, acting through the Rural Development Service (formerly known as the Farmers Home Administration), United States Department of Agriculture, his Real Estate Mortgage, conditioned on repayment of this note, which was recorded on August 11, 2000, at Book 263, page 790, in the records of Ashley County, Arkansas, covering the following described property in Ashley County, Arkansas, to-wit:

> A part of the Northeast Quarter of Section 33, Township 19 South, Range 5 West, more particularly described as follows, to-wit: Beginning at a point 18.46 chains West of the Northeast corner of the Northwest Quarter of the Northeast Quarter of said Section 33, thence run South 23 degrees 40 minutes East 27.57 chains to an iron pipe driven in the West boundary line of the right-of-way of the Missouri Pacific Railroad Company; thence Northeasterly along said railroad right-of-way to its intersection with the North boundary line of said Section 33; thence run West along said North boundary line 25.66 chains, to the point of beginning.

16. That to receive an interest credit subsidy from the United States of America, acting through the Rural Development Service (formerly known as the Farmers Home Administration), United States Department of Agriculture, the Defendant, Tracy O. Mayo, executed a subsidy repayment agreement which, in part, provides that any subsidy received is due and payable upon the sale or non-occupancy of the property by the Defendant.

17. That the Plaintiff is the legal holder of this agreement.

18. That despite notice and demand, the Defendant, Tracy O. Mayo, has neglected and refused to pay his obligation on this note and is in default thereon, and the Plaintiff has declared the entire indebtedness due and payable and elected to seek judgment and judicial aid of its claim, as allowed in said mortgage and by law, and that there is due the Plaintiff on account of this note the sum of $156,360.70 plus accrued interest of $20,697.96, as of January 20, 2012, for a

total of $177,058.66 with interest accruing thereafter at the rate of $19.7295 per day, until date of judgment.

19. For a valuable consideration, the Defendant, Tracy O. Mayo, in said mortgage waived all rights of appraisement, sale, redemption and homestead, and particularly all rights of redemption under the Act of the Arkansas Legislature approved May 8, 1899, and acts amendatory thereof, and the said Defendant likewise expressly waived all rights or possibility of dower, curtesy, and homestead in and to said land and property.

20. That the relief now granted to the Plaintiff is not different as to type or material amount from that sought in its Complaint.

21. That the Defendant Katrina L. Curtis Mayo Noble may claim an interest in the property that is the subject of this action. Such claim, however, is subordinate and inferior to the mortgage claim of the Plaintiff.

22. Defendants, Any Spouses, Known or Unknown of Defendants Mayo and Noble may claim a dower and curtesy interest in the real property that is the subject of this action. Any claim these Defendants may have are junior, inferior and subordinate to the claim of the Plaintiff.

23. Defendant, The Mer Rouge Sate Bank, may claim an interest in the real property that is the subject of this action. Any claim this Defendant may have is junior, inferior and subordinate to the claim of the Plaintiff.

24. Defendants, Mountjoy-Blackmon JV#1 and Blackmon/Mountjoy Joint Venture, may claim an interest in the real property that is the subject of this action. Any claim these Defendants may have is junior, inferior and subordinate to the claim of the Plaintiff.

25. That the time for the Defendant, Tracy O. Mayo, to otherwise plead has now expired and he has failed to appear or plead to the Complaint; he is not an infant, or incompetent person, or in the active military service of the United States, and he is in default.

26. That the Plaintiff does not seek judgment against the Defendant, Katrina L. Curtis Mayo Noble, other than that any interest she may have in the property which is the subject of this action, should be foreclosed.

IT IS, THEREFORE, ORDERED AND DECREED:

That the Plaintiff, United States of America, have and recover judgment in rem against the property and **not in personam** against any defendant, in the amount of $177,058.66, plus interest accruing at a rate of $19.7295 per day from January 20, 2012, to date of judgment, together with interest at the legal rate of .14 percent per annum pursuant to 28 U.S.C. §1961(a) from the date of this judgment until paid.

That the prayer of the Plaintiff, United States of America, for a Decree of Foreclosure should be, and is hereby, granted.

IT IS FURTHER ORDERED, that if the judgment of the Plaintiff is not paid within ten days from this date, then the United States Marshal for the Western District of Arkansas shall advertise the time, place and terms of judicial sale according to law and this decree, at least once weekly for four weeks prior to sale in a newspaper having a general circulation in Ashley County, Arkansas, and he shall sell at public outcry, to the highest qualified bidder, at the main door of the Ashley County Courthouse in Hamburg, Arkansas, on a credit of three months, the property above described. The proceeds of this judicial sale shall be applied, in the manner provided by law, to the judgment of the Plaintiff.

The purchaser at the Marshal's sale shall give bond with approved security to secure payment of the purchase price, and a lien shall be retained on the property to secure payment thereof. If the Plaintiff purchases the property for an amount not in excess of its judgment and costs, which are hereby granted, it may credit the amount of its bid, less all court costs, upon its judgment and need not give bond to secure the purchase price.

IT IS FURTHER ORDERED, that upon judicial sale of this property, and confirmation thereof by this Court, then all right, title and interest of all parties in and to said property, including any rights or possibility of curtesy, dower, homestead, appraisement and redemption are forever barred and FORECLOSED. Should the sale bring proceeds or credits in excess of the Plaintiff's claim and costs, the Court will determine the rightful owner thereof.

JURISDICTION of this case is retained.

_____
SUSAN O' HICKEY
UNITED STATES DISTRICT JUDGE


APPROVED:

_____
Deborah Groom
Assistant U.S. Attorney
Attorney for Plaintiff

_____
F. Mattison Thomas, III
Attorney at Law
Attorney for Defendant
Katrina L. Curtis Mayo Noble

7